IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GABRIEL GONZALEZ,
Fed. Reg. No. 30515-112
    Plaintiff,

vs.                                                   Case No.: 5:16cv34/LAC/EMT

KENDES ARCHER, M.D., et al,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Federal Bureau of Prisons proceeding pro se, initiated this action by filing a civil rights complaint. He has since filed an amended complaint (ECF No. 4). While Plaintiff filed his amended complaint using the court's form for use in civil rights cases under 42 U.S.C. § 1983, because he sues federal employees concerning his treatment at the Federal Correctional Institution at Marianna, Florida ("FCI Marianna"), his complaint is properly construed under the federal counterparts to Section 1983, 28 U.S.C. §§ 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has paid the filing fee in this case.

Because Plaintiff is a prisoner, the court is required to review and dismiss the case if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory."

Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Amended Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Although Plaintiff is currently an inmate at the Federal Correctional Facility at Forrest City, Arkansas, at the times relevant to the complaint he was housed at FCI Marianna. Plaintiff states that he has two medical conditions, gastroesophageal reflux disease ("GERD") and psoriasis. Plaintiff alleges that for the last four and a half years he had been treated with ranitidine for his GERD and with coal tar shampoo for his psoriasis. On October 1, 2014, however, he was informed that, due to a change in prison policy and the fact that he was not indigent, he would no longer be provided these medications at no charge but would be able to purchase them at the prison commissary instead (ECF No. 4 at 7–8). Plaintiff filed grievances regarding this issue, and he made repeated requests for them to be dispensed to him, to no avail. Plaintiff additionally states that, from October to November of 2014, the commissary did not have any stock of his particular GERD medication. Plaintiff complained that he was in pain and was concerned about long-term damage from not taking the medication, but he was informed that he would not be reexamined or that his

medication would not be dispensed to him unless he had more serious symptoms such as coughing up blood or blood in his stool (*id.* at 9). Instead, Plaintiff was advised to sleep with his head elevated to keep stomach acid from draining into his throat while he slept. While Plaintiff's coal tar shampoo evidently was dispensed to him through March of 2015, Plaintiff alleges it was discontinued by Defendant Nurse Melanie Alexander, allegedly after she discovered that Plaintiff had filed an unidentified grievance (*id.* at 10). Plaintiff was eventually transferred away from FCI Marianna on September 15, 2015 (*id.* at 11). Plaintiff thereby claims violations of his rights under the First, Fifth and Eighth Amendments. He seeks injunctive relief and compensatory and punitive damages.

It is well settled that the government has a constitutional duty to provide minimally adequate medical care to prisoners. Harris v. Thigpen, 941 F.2d 1495, 1504 (11th Cir. 1991). However, medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 1505 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Incidents of mere negligence or malpractice do not rise to the level of constitutional violations. *Id.* (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Similarly, a

difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment. *Id.* (citations omitted).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

A valid claim must be able to demonstrate conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "denying the minimal civilized measure of life's necessities." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (quotation omitted). Further, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment. *Id.* (citations omitted).

Here, Plaintiff does not establish deliberate indifference to any serious medical need.  Fundamental to his claim is the fact that Plaintiff was not denied his medications outright, he was only denied *free* medications because he was not indigent.  With the exception of the period of time in October of 2014 where the commissary did not have ranitidine for his GERD,[1] Plaintiff's complaints boil down to a complaint that he had to pay for his medications if he wished to continue taking them.

A prisoner has no constitutional right to free health care.  Morris v. Livingston, 739 F.3d 740, 748 (5th Cir. 2014); Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012); Conley v. Anglin, 513 F. App'x 598, 602 (7th Cir. 2013); Cannon v. Mason, 340 F. App'x 495, 499 (10th Cir. 2009); Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 418 (3d Cir. 2000); Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997).  Therefore, it is not a constitutional violation for a prison medical

---

[1] Other than a generalized allegation of pain and fear that his condition would worsen, Plaintiff alleges no medical consequences that derived from his alleged lack of access to medication for the eleven months before he was transferred away from FCI Marianna, not to mention the lone month in October of 2014 where he truly might not have been able to obtain the ranitidine for his GERD.  Nor for that matter does Plaintiff address whether there were alternative medications available for GERD, a common medical problem.  In any event, the fact that FCI Marianna did not have his particular medication for this limited period of time is hardly a foundation for a claim of deliberate indifference, as at most it speaks of negligence, which is not actionable as a constitutional claim.  Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996); McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Case No.: 5:16cv34/LAC/EMT

provider to require that a non-indigent prisoner pay or provide a co-payment for medical services. Morris, 739 F.3d at 748; Cannon, 340 F. App'x at 499; Poole, 703 F.3d at 1027. "[S]uch a requirement simply represents an insistence that the prisoner bear a personal expense that he or she can meet and would be required to meet in the outside world." Reynolds, 128 F.3d at 174.

Plaintiff fully acknowledges that he was required to pay for his medications because he was not indigent, and he does not alleges that he was unable to pay for these medications.[2] Even so, regulations provide that medical services will be provided to inmates who are unable to pay. *See* 18 U.S.C.A. § 4048(f); BOP Program Statement P6031.02. In reality, Plaintiff's claim is not properly against the many health service staff and administrators at FCI Marianna he names as Defendants, but with the regulation that assesses a charge for his medications, and as discussed, that sort of claim is not of Constitutional merit.

Finally, Plaintiff claims that Defendant Nurse Melanie Alexander retaliated against him by discontinuing his coal tar shampoo because Plaintiff had filed a grievance. However, Plaintiff fails to indicate why the grievance would have affected this Defendant or motivated her to retaliate against him; in fact, he does not even

---

[2] Indeed, the fact that Plaintiff paid the $400.00 filing fee up front in this case serves an indication that he is not a financial pauper (ECF No. 4).

Case No.: 5:16cv34/LAC/EMT

identify the grievance or its subject matter. Moreover, even according to Plaintiff it was Defendant Dr. Watson (or even more correctly, the prison regulations themselves) that dictated that Plaintiff be required to purchase the shampoo.

In short, Plaintiff's claim of retaliation is unfounded and conclusory. While the First Amendment forbids prison officials from retaliating against a prisoner for exercising his right of free speech, Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003), broad, conclusory allegations of retaliation are insufficient to state a constitutional claim. Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987). The prisoner plaintiff must sufficiently allege facts to establish that the actions taken against him were in retaliation for filing lawsuits or prison grievances and that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986); Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988). Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence" of retaliation. Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)). Plaintiff

must allege a causal link between the protected activity and the adverse treatment, and there must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed into discovery. Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983). "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)). Because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ." Crawford-El, 118 S. Ct. at 1596–97; Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); *see also* Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism). Because Plaintiff's claim of retaliation is clearly vague and conclusory, it is subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

1.  That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.      That this dismissal should be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 12th day of December 2016.

                        /s/ *Elizabeth M. Timothy*
                        **ELIZABETH M. TIMOTHY**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**