IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GABRIEL GONZALEZ,
Inmate No. 30515-112,
    Plaintiff,

vs.                                                Case No.:  5:16cv34/LAC/EMT

KENDES ARCHER, M.D., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's "Motion for Emergency Protective Order and Injunction" (ECF No. 47).  Plaintiff, a federal inmate confined within the Bureau of Prisons, commenced this action by filing a civil rights complaint (ECF No. 1).  The operative pleading is Plaintiff's Amended Complaint, filed pursuant to 28 U.S.C. §§ 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in which Plaintiff names seven Defendants (ECF No. 40).  Plaintiff's allegations concern inadequate medical care he received when he was formerly housed at the Federal Correctional Institution in Marianna, Florida, and each of the seven Defendants named by Plaintiff was employed at FCI Marianna at the time of the events giving rise to the complaint.[1]  Plaintiff has since been transferred from

---

[1] On October 24, 2018, the court directed service of the Amended Complaint (see ECF No. 44).  As of the filing date of this Report, service has not been effected on any of the Defendants.

FCI Marianna and is now housed at the Forrest City Correctional Institution (Low) in Forrest City, Arkansas.

In the instant motion, Plaintiff alleges that officials at FCI Forrest City have recently banned access to the prison's law library and equipment, such as typewriters and copy machines, and restricted the amount of property and legal materials inmates may store in their lockers, to include a limit of no more than five books of any type in one locker (ECF No. 47).[2] He states that if an inmate exceeds the limitation, any additional books or materials found in an inmate's locker will be confiscated and destroyed or permanently removed (*id.*).

Plaintiff thus seeks an order "protecting [his] legal material from being confiscated or destroyed" and "defen[ding] . . . his right to unobstructed access to this court and to adequate process of law" (*id.* at 1, 3).

Plaintiff's motion is in the nature of a motion for preliminary injunction. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or

---

[2] Plaintiff indicates that these actions were taken "due to two inmate deaths, occurring within a one week period, related to their alleged ingestion of a contraband substance within their respective housing units" (ECF No. 47 at 2).

Case No.: 5:16cv34/LAC/EMT

denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted).

Because the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable while the merits of the lawsuit are under review, the relief sought in the motion must be closely related to the conduct

complained of in the actual complaint.  <u>Devose</u>, 42 F.3d at 471; <u>All Care Nursing Serv. v. Bethesda Mem'l Hosp.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989); <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986); <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Here, the relief sought in the motion is unrelated to the conduct complained of in the underlying complaint.  Additionally, none of the persons at FCI Forrest City, from whom Plaintiff now seeks injunctive relief, are parties to the underlying action, which concerns events which occurred some time ago at FCI Marianna.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Emergency Protective Order and Injunction (ECF No. 47) be **DENIED**.

At Pensacola, Florida, this 29th day of November 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:16cv34/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**